Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Robin E. Perkins, Esq.
Nevada Bar No. 9891
Jennifer L. McBee, Esq.
Nevada Bar No. 9110
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asorenson@swlaw.com
       rperkins@swlaw.com
       jmcbee@swlaw.com

*Attorneys for Plaintiffs Ditech Financial LLC and Federal National Mortgage Association*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC, a Delaware limited liability company; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> T-SHACK, INC., a foreign corporation; NEVADA ASSOCIATION SERVICES, INC., a domestic corporation; DESERT SANDS VILLAS HOMEOWNERS' ASSOCIATION, a domestic non-profit corporation; and DOES I through X, inclusive, <br><br> Defendants. | Case No.: 2:16-cv-02808-JAD-GWF <br><br> **STIPULATION AND ORDER TO STAY LITIGATION PENDING FINAL RESOLUTION OF PETITION(S) FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT** <br><br> ECF No. 20, 23 |

Ditech Financial LLC ("Ditech") and Federal National Mortgage Association ("Fannie Mae," and jointly with Ditech, the "Plaintiffs"), Defendant T-Shack, Inc. ("T-Shack"), Defendant Desert Sands Villas Homeowners' Association (the "HOA"), and Defendant Nevada Association Services, Inc. ("NAS"), (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby stipulate as follows:

1. This lawsuit involves the parties seeking quiet title/declaratory relief and other claims related to a non-judicial homeowner's foreclosure sale conducted on a property pursuant to NRS Chapter 116.

2.      On August 12, 2016, the Ninth Circuit issued a decision on appeal in *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1159-60 (9th Cir. 2016), holding that NRS Chapter 116 is facially unconstitutional.  The Court of Appeals issued its mandate in the appeal on December 14, 2016.

3.      On January 26, 2017, the Nevada Supreme Court issued its decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank*, N.A., 133 Nev. Adv. Op. 5, ___ P.3d ___, 2017 WL 398426 (Nev. Jan. 26, 2017) holding, in direct contrast to *Bourne Valley*, that no state action supported a challenge under the Due Process Clause of the United States Constitution.

4.      The *Saticoy Bay* decision by the Nevada Supreme Court conflicts directly with Ninth Circuit's ruling in *Bourne Valley*, making the issue appropriate for consideration by the United States Supreme Court.  *See* Sup. Ct. Rule 10(a) & (b) (noting that the High Court will consider review when "a United States court of appeals has . . . decided an important federal question in a way that conflicts with a decision by a state court of last resort * * * [or] a state court of last resort has decided an important federal question in a way that conflicts with the decision of . . . a United States court of appeals.")

5.      Both parties believe the conflict should be resolved and are seeking review of the state action issue in the United States Supreme Court.  Bourne Valley's deadline to file its petition for writ of certiorari of the Ninth Circuit's *Bourne Valley* decision is March 6, 2017, pursuant to an order granting an extension of time.  *See Bourne Valley Court Trust v. Wells Fargo Bank, NA.*, United States Supreme Court Case No. 16A753.  Wells Fargo's deadline to file its petition for writ of certiorari of the Nevada Supreme Court's *Saticoy Bay* decision is April 26, 2017.  Thus, the Parties believe that the stay requested herein is appropriate.

6.      On February 8, 2017, the Nevada Supreme Court issued an order staying its issuance of the remittitur pending the filing of a petition for a writ of certiorari with the United States Supreme Court, and if a petition is filed, the stay of the remittitur will in effect until final disposition of the certiorari proceedings before the United States Supreme Court.

25717241

7. To determine if a stay is appropriate, the Court considers (1) damage from the stay; (2) hardship or inequity that befalls one party more than the other; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a continued stay of litigation.

   a. <u>Damage from Stay</u>: Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue that could be mooted by a decision in *Bourne Valley* certiorari proceedings.

   b. <u>Hardship or Inequity</u>: There will be no significant hardship or inequity that befalls one party more than the other. This relatively equal balance of equities results from the need for both parties to have finality, given the split in the state and federal court decisions. Any hardship would be equal in terms of resources expended without a stay. A stay prevents this expenditure for all parties.

   c. <u>Orderly Course of Justice</u>: At the center of this case is an association foreclosure sale under NRS Chapter 116. The outcome of the petitions for writ in *Bourne Valley* and/or *Saticoy Bay* have the potential to affirm or overturn either case. Without a stay, the parties are will expend resources that will be unnecessary if either or both petitions are granted. A stay would also avoid a likely appeal from any subsequent judgment in this case. A temporary stay would substantially promote the orderly course of justice in this case. A stay will avoid the moving forward without final resolution of the federal issues and the state court / federal court conflict.

8. The parties agree that all proceedings in the instant case, including the upcoming dismissal motion briefing deadlines, be stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court. The parties also agree that discovery be stayed.

9. T-Shack shall be required to keep current on all property taxes and assessments, HOA dues, to maintain the property and to maintain insurance on the property at issue.

- 3 -

25717241

10. T-Shack shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court.

11. Plaintiffs are prohibited from conducting a foreclosure sale on the property unless otherwise ordered by the Court.

12. Any party may file a written motion to lift stay at any time if the party determines it appropriate, and any party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed with the Court.

13. The Parties agree that upon dissolution of this stay, the Parties will meet and confer and submit a stipulation and order setting forth a proposed discovery schedule.

DATED this 9th day of February 2017.

SNELL & WILMER L.L.P.

  /s/ Jennifer L. McBee
Amy F. Sorenson (NV Bar No. 12495)
Robin E. Perkins (NV Bar No. 9891)
Jennifer L. McBee (NV Bar No. 9110)
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Phone: (702) 784-5200
Fax: (702) 784-5252

*Attorneys for Plaintiffs Ditech Financial LLC and Federal National Mortgage Association*

DATED this 9th day of February 2017.

MAIER GUTIERREZ AYON PLLC

  /s/ Margaret E. Schmidt
Luis A. Ayon (NV Bar No. 9752)
Margaret E. Schmidt (NV Bar No. 12489)
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Phone: (702) 629-7900
Fax: (702) 629-7925

*Attorneys for Defendant T-Shack, Inc.*

DATED this 9th day of February 2017.

  /s/ Christopher V. Yergensen
Christopher V. Yergensen (NV Bar No. 6183)
6224 West Desert Inn Road
Las Vegas, Nevada 89146
Phone: (702) 804-8885
Fax: (702) 804-8887

*Attorneys for Defendant Nevada Association Services, Inc.*

DATED this 9th day of February 2017.

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

  /s/ David Markman
J. William Ebert (NV Bar No. 2697)
David Markman (NV Bar No. 12440)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
Phone: (702) 382-1500
Fax: (702) 382-1512

*Attorneys for Defendant Desert Sands Villas Homeowners' Association*

25717241

# ORDER

The Court having considered the attached stipulation of the Parties, **IT IS HEREBY ORDERED THAT**:

A.     All proceedings in the instant case, including the upcoming dismissal motion briefing deadlines, are stayed pending final resolution of the *Bourne Valley* and/or *Saticoy Bay* certiorari proceedings before the United States Supreme Court;

B.     Discovery is also stayed;

C.     T-Shack shall be required to keep current on all property taxes and assessments, HOA dues, to maintain the property and to maintain insurance on the property at issue;

D.     T-Shack shall be prohibited from selling or encumbering the property unless otherwise ordered by the Court;

E.     Plaintiffs are prohibited from conducting a foreclosure sale on the property unless otherwise ordered by the Court;

F.     Any party may file a written motion to lift stay at any time if the party determines it appropriate, and any party may file an opposition to the motion within fourteen (14) calendar days after the written motion is filed with the Court; and

G.     Upon dissolution of this stay, the Parties shall meet and confer and submit a stipulation and order setting forth a proposed discovery schedule.

H.     The pending motion to dismiss [ECF No. 20] is DENIED without prejudice to its refiling within 20 days of any order lifting this stay.

_____
Jennifer Dorsey
U.S. District Court Judge
February 10, 2007